**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000519
27-MAY-2014
07:53 AM**

NO. CAAP-14-0000519

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LEON C. HAMILTON, Plaintiff-Appellee, v.
COLLEEN M. HAMILTON, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 13-1-0070K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Colleen M. Hamilton's (Appellant Colleen Hamilton) appeal from the Honorable Aley K. Auna, Jr.'s, interlocutory February 4, 2014 "Order After Hearing" (the February 4, 2014 interlocutory order) because the family court has

- neither decided part (1) of this divorce case by dissolving Appellant Colleen Hamilton's marriage with Plaintiff-Appellee Leon Charles Hamilton (Appellee Leon Hamilton),

- nor fully decided all of part (4) of this divorce case by dividing and distributing all of the couple's property and debts,

as Hawaii Revised Statutes (HRS) § 571-54 (2006) requires under the holding in Eaton v. Eaton:

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Black v. Black, 6 Haw. App. [493], 728 P.2d 1303 (1986). In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted; emphasis added); see also Riethbrock v. Lange, 128 Hawai'i 1, 18, 282 P.3d 543, 560 (2012) (citing and quoting Eaton); Kakinami v. Kakinami, 125 Hawai'i 308, 313, 260 P.3d 1126, 1131 (2011) (citing and quoting Eaton). In so holding, the Eaton court was following the Supreme Court of Hawaii's earlier application of the collateral order doctrine[1] to the

---

[1] The Supreme Court of Hawai'i "ha[s], in rare situations, considered an interlocutory order so effectively 'final' that [it] ha[s] exercised appellate jurisdiction over an appeal that is neither a final judgment nor has been allowed by the circuit court under HRS § 641-1(b)." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321, 966 P.2d 631, 633 (1998).

> Appellate jurisdiction in these cases is exercised under the collateral order doctrine. These interlocutory appeals are limited to orders falling in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Id. (citations and internal quotation marks omitted). In order to be

(continued...)

appealability of orders, judgments and decrees in divorce cases in holding that a divorce "decree . . . was final and appealable with respect to the termination of the marriage and the division of the real property, although the questions of custody and support of minor children were left for future determination." Cleveland v. Cleveland, 57 Haw. 519, 523, 559 P.2d 744, 747 (1977) ("The rationale of the collateral order doctrine is clearly applicable.").

In the instant case, the family court has not yet decided part (1) of this divorce case, i.e., dissolution of the marriage. Through the February 4, 2014 interlocutory order, the family court (a) ordered Appellant Colleen Hamilton to pay for half of an appraisal fee for a particular real property that the married couple owns, (b) ordered Appellant Colleen Hamilton to grant an appraiser access to the couple's real property, and (c) authorized that Appellee Leon Hamilton "shall" sell the couple's real property. The February 4, 2014 interlocutory order does not, however, provide a date certain by which appellee Leon Hamilton must sell the real property, and, thus, without any express deadline for the sale, the actual time period during which the sale will take place remains open-ended at the present

---

¹(...continued)
appealable under the collateral order doctrine, an appealed order must satisfy all three of the following requirements: "the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Id. at 322, 966 P.2d at 634 (citations and internal quotation marks omitted) (brackets in original). The Supreme Court of Hawai'i has observed that it "must construe the collateral order doctrine narrowly and be parsimonious in its application." Siangco v. Kasadate, 77 Hawai'i 157, 162, 883 P.2d 78, 83 (1994). Otherwise, "[a]llowing widespread appeals from collateral orders would frustrate the policy against piecemeal appeals embodied in HRS § 641-1." Id.

time. Absent an order, judgment or decree deciding part (1) of this divorce case by dissolving the marriage and part (4) of this divorce case by fully dividing and distributing all of the couple's property and debt, the February 4, 2014 interlocutory order is ineligible for appellate review.

It is noteworthy that, even when a family court had already decided part (1) of a divorce case by having dissolved the marriage, when a party additionally sought appellate review of a family court's order that a particular real "property shall be sold and the proceeds disbursed[,]" (Eaton, 7 Haw. App. at 115, 748 P.2d at 803 (emphasis added; internal quotation marks omitted)), the Eaton court explained that this particular ruling regarding the real property would not become eligible appellate review until the family court finished dividing and distributing all of the divorced couple's property and debts:

> In this case, parts (1) and (3) were final and appealable on August 6, 1986. Part (4), however, is not final and appealable because the district family court has not fully and finally divided and distributed all of the property and debts of the Plaintiff and the Defendant over which it had jurisdiction.

Id. at 119, 748 P.2d at 805. "Sua sponte we conclude that we do not have appellate jurisdiction to review the district family court's decisions and orders as to the division and distribution of the property and debts over which the district family court had jurisdiction." Id. at 118, 748 P.2d at 805.[2]

---

[2] See also Wintermeyer v. Wintermeyer, 114 Hawai'i 96, 99–100, 157 P.3d 535, 538–39 (App. 2006) (holding that, even after the family court has decided part (1) of the divorce case by dissolving the marriage, the Hawai'i Intermediate Court of Appeals does not have appellate jurisdiction over part (4) of a divorce decree where the family court has divided unique property equally between the parties without, however, identifying how the division and distribution would be accomplished); Ferreira v. Ferreira, 112 Hawai'i 225,

(continued...)

-4-

In the instant case, it appears that the family court has not yet finished deciding part (4) of this divorce case by fully dividing and distributing all of Appellant Colleen Hamilton's and Appellee Leon Hamilton's property and debts. Therefore, even if the family court had already decided part (1) of this divorce case by having dissolved the marriage, the February 4, 2014 interlocutory order would not yet be eligible for appellate review under Eaton.

The February 4, 2014 interlocutory order is also not appealable under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848), i.e., "the Forgay doctrine," which "allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995).[3] Although the Supreme Court of Hawai'i has recently relaxed the requirement that the appealed order or judgment must command immediate execution that real property be delivered to

_____

[2](...continued)
231, 145 P.3d 768, 774 (App. 2006) (holding that, even after the family court has decided part (1) of the divorce case by dissolving the marriage, the Hawai'i Intermediate Court of Appeals does not have appellate jurisdiction over part (4) of a divorce decree where the family court has not yet divided and distributed all of the property and debts); Aoki v. Aoki, 105, 403, 414, 98 P.3d 274, 285 (App. 2004) (holding, among other things, that, even after the family court has decided part (1) of the divorce case by dissolving the marriage, "the division and distribution of property and debts part of this case has not been finally decided and[, therefore,] we do not have appellate jurisdiction over that part of this case.").

[3] Under the Forgay doctrine, appellate courts "have jurisdiction to consider appeals from judgments which [1] require immediate execution of a command that property be delivered to the appellant's adversary, and [2] the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (citations, internal quotation marks omitted; some brackets omitted, some brackets added). Thus, in an appeal from a summary possession case, where a district court entered a judgment for possession that did not, however, resolve an outstanding counterclaim in the case, the Supreme Court of Hawai'i held that "the judgment for possession was a judgment immediately appealable under the Forgay doctrine." Id.

the appellant's adversary, the order still provided a specific time deadline by which the trial court required the appellants to surrender possession of the real property:

> Here, the October 25, 2012 Confirmation Order meets the requirements of appealability under the Forgay doctrine. Although the October 25, 2012 Confirmation Order does not command the immediate execution of the property to Trustee Lambert, the order confirms the sale to Trustee Lambert, directs the commissioner to convey the property to Trustee Lambert, and orders the Teisinas to surrender the property within 30 days of the conveyance. The Confirmation Order effectively terminates the Teisinas' rights to the property and they will suffer irreparable injury if appellate review is postponed until final judgment.

Lambert v. Teisina, 131 Hawai'i 457, 462,319 P.3d 376, 381 (2014) (emphases added).

The instant case is distinguishable from Lambert in that the February 4, 2014 interlocutory order does not provide any specific date or deadline by which Appellant Colleen Hamilton must surrender possession of the subject real property, but, instead, the February 4, 2014 interlocutory order merely authorizes Appellee Leon Hamilton to sell the real property at some unspecified date in the future. As of February 4, 2014, the real property had not yet even been appraised, much less listed for sale. Under the open-ended language of the February 4, 2014 interlocutory order, the actual sale of the real property could possibly take place in weeks, months, or even years; no one knows for certain. The primary purposes of the February 4, 2014 interlocutory order appears to have been (a) to require Appellant Colleen Hamilton to cooperate in and contribute to the process of appraising the couple's real property and (b) to provide Appellee Leon Hamilton with the family court's express authority to sell the couple's real property at some unspecified time in the

-6-

future. Without more, the February 4, 2014 interlocutory order does not appear to be appealable under the Forgay doctrine, and Appellant Colleen Hamilton will have ample opportunity to seek appellate review as soon as the family court decides part (1) and part (4) of this divorce case.

Finally, the family court did not purport to certify the February 4, 2014 interlocutory order for an interlocutory appeal pursuant to HRS § 641-1(b) (1993 & Supp. 2013). Therefore, absent an order, judgment or decree that decides both part (1) of this case by dissolving the couple's marriage and part (4) of this divorce case by fully dividing and distributing all of the couple's property and debts, we lack appellate jurisdiction over this appeal, and Appellant Colleen Hamilton's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000519 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 27, 2014.

Presiding Judge

Associate Judge

Associate Judge